IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE CORNIA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1216-K |
| | § | |
| UTMB/DALLAS COUNTY JAIL, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The findings and recommendation

of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by George Cornia, a former inmate in the Dallas

County Jail, against various members of the jail medical staff, a medical records custodian, and his

former attorney.  On July 7, 2006, plaintiff tendered a complaint to the district clerk and filed an

application to proceed *in forma pauperis*.  Because the information provided by plaintiff in his

pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court

granted leave to proceed *in forma pauperis* and allowed the complaint to be filed.  Two sets of

written interrogatories then were sent to plaintiff in order to obtain additional information about the

factual basis of this suit.  Plaintiff answered the interrogatories on July 31, 2006 and August 28,

2006.  The court now determines that plaintiff's civil rights claims should be summarily dismissed

pursuant to 28 U.S.C. § 1915(e)(2).  The remaining portion of the complaint should be construed as an application for writ of habeas corpus and dismissed on limitations grounds.

## II.

Plaintiff was incarcerated in the Dallas County Jail from May 2003 through June 8, 2004 on charges of aggravated sexual assault of a child.   While incarcerated, plaintiff alleges that unidentified members of the jail medical staff periodically dispensed Dilantin, an anti-seizure medication, along with ibuprofen he was taking for a foot injury.  Plaintiff was never diagnosed with a seizure disorder and the Dilantin was not prescribed by a doctor.  As a result of taking this medication, plaintiff contends that he experienced seizures, became depressed, and could not assist with the defense of his case.  The day before his scheduled trial, plaintiff pled guilty to the lesser offense of injury to a child and signed a judicial confession-- acts which he now repudiates and blames on the side effects of Dilantin.  In a related claim, plaintiff accuses his attorney of failing to request his medical records, which would have shown he was taking a drug that compromised his mental state, and other instances of ineffective assistance of counsel.  By this suit, plaintiff seeks a new appeal and unspecified money damages.

## A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1)     is frivolous or malicious;
>
> (2)     fails to state a claim upon which relief can be granted; or
>
> (3)     seeks money relief against a defendant who is immune from
>         such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A

complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

### B.

The court initially observes that plaintiff's wrongful imprisonment claim is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

Plaintiff acknowledges that no court has ever reversed or invalidated his state conviction. (*See* First Interrog. #3). Consequently, he cannot sue his former attorney for civil rights violations under 42 U.S.C. § 1983.[1]

---

[1] The court also notes that a private attorney does not act under "color of state law" for purposes of section 1983 liability. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); *Ray v. Earle*, No. 3-06-CV-0487-G, 2006 WL 1416733 at *2 (N.D. Tex. May 23, 2006) (Kaplan, J.).

C.

Nor can plaintiff sue the jail medical staff for their actions in dispensing Dilantin.  The Fifth

Circuit has held that a federal civil rights action brought under 42 U.S.C. § 1983 is governed by a

two-year statute of limitations.  *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990).  The limitations

period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the

basis of his complaint."  *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987).  By his own

admission, plaintiff discovered that he had been given the wrong medication "at the end week in

June 2004" when he arrived at the Gurney Unit of the TDCJ-ID.  (Sec. Interrog. #2).  However,

plaintiff did not file suit until July 7, 2006--more than two years later.  It is clear from the face of

the pleadings that this claim is time-barred.  *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.

1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims

asserted are barred by limitations).

D.

To the extent plaintiff challenges the fact and duration of his confinement, his complaint

must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254.  *See Jackson

v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year

statute of limitations for federal habeas proceedings.  *See* 28 U.S.C. § 2244(d)(1).  The limitations

period runs from the latest of:

> (A)   the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking
> such review;
>
> (B)   the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of the

United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

In this case, the limitations period started to run on May 29, 2004--30 days after the judgment of conviction was entered.[2] Plaintiff did not appeal his conviction. Instead, he filed an application for state post-conviction relief on December 22, 2004. The application was denied on May 4, 2005. Plaintiff filed this action in federal court more than one year later on July 4, 2006. In an attempt to excuse this delay, plaintiff states that he sent his federal writ to the Dallas County district clerk, but the clerk would not accept the pleading or inform plaintiff where to file it. (*See* First Interrog. #3). This excuse does not warrant equitable tolling. *See, e.g. Jones v. Dretke*, No. 3-04-CV-0017-D, 2004 WL 1146588 at *2 (N.D. Tex. May 20, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 1253384 (N.D. Tex. Jun. 7, 2004) (habeas petitioner who sent pleading to wrong court was not entitled to equitable tolling absent proof that state was somehow responsible for the error). Nor is equitable tolling permitted merely because plaintiff believes he is innocent. *See Felder v.*

---

[2] The judgment was entered on April 29, 2004. Because plaintiff did not appeal his conviction, the judgment became final 30 days thereafter on May 29, 2004. *See* Tex. R. App. P. 26.2.

*Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *3 (N.D. Tex. Jan. 11, 2006) (Kaplan, J.).  Without a sufficient basis for tolling the AEDPA statute of limitations, plaintiff's writ is time-barred.

## RECOMMENDATION

Plaintiff's civil rights claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).  The remaining portion of the complaint should be construed as an application for writ of habeas corpus and dismissed on limitations grounds.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  September 7, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE